IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **SHIRLEY NOLAND,** | } |
| Plaintiff, | } |
| vs. | } CASE NO.: |
| **ALLIED INTERSTATE, INC.,** *et al.*, | } |
| Defendants. | } |

## COMPLAINT

COMES NOW the Plaintiff, SHIRLEY NOLAND, in the above captioned action by and through the undersigned and hereby complains as follows:

*Parties*

1. The Plaintiff, Shirley Noland ("Ms. Noland"), is an adult resident of the State of Alabama, living in Greene County, Alabama.

2. Ms. Noland is a natural person.

3. Defendant Allied Interstate, Inc. ("Allied Interstate") is a Minnesota corporation engaged in the business of collecting debts in this state, with its principal place of business located in Minneapolis, Minnesota.

4. Upon information and/or belief, a principal purpose of Allied Interstate is the collection of debts.

5. Allied Interstate regularly attempts to collect debts alleged to be due to another.

6. At all times relevant hereto, Allied Interstate conveyed information to Ms. Noland that she was obligated and/or allegedly obligated to pay a debt, regarding a debt and/or an alleged debt.

7. At all times relevant hereto, Allied Interstate was regularly engaged for profit in the collection of debts allegedly owed by consumers and/or Allied Interstate regularly collected and/or attempted to collect debts, directly and/or indirectly, owed or due and/or asserted to be owed and/or due to another using the instrumentalities of interstate commerce and/or the United States mail.

## *Jurisdiction*

8. Jurisdiction is founded and based on federal question jurisdiction, 28 U.S.C. § 1331.

9. This action is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter the "FDCPA").

## COUNT I

### *Inconvenient Hours*

10. The FDCPA prohibits any communication with a consumer in connection with the collection of any debt at any unusual time and/or place, or a time and/or place

known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock in the morning and before 9 o'clock at night, local time at the consumer's location, 15 U.S.C. § 1692(c)(a)(1).

11. Several times during the past year of 2008, Allied Interstate called Ms. Noland's mother, Rosie Jones ("Ms. Jones"), before 8 o'clock in the morning.

## *Repetitive Calls*

12. The FDCPA prohibits any conduct which the natural consequence of is to harass, oppress and/or abuse any person in connection with the collection of a debt, 15 U.S.C. § 1692d.

13. Since September 2008, Allied Interstate is purported to have called Ms. Noland at least three times per day and Ms. Jones at least two to three times per day.

14. The volume of calls harassed and/or oppressed and/or abused Ms. Noland and Ms. Jones.

## *Anonymous Calls*

15. The FDCPA prohibits debt collectors from placing telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692(d)(6).

16. Since September 2008, Allied Interstate has not provided a company name and/or

caller name when placing telephone calls to Ms. Noland or to Ms. Jones.

### *Erroneous Debt*

17. The FDCPA prohibits debt collectors from making a communication and/or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that the disputed debt is disputed, 15 U.S.C. § 1692(e)(7).

18. Since September 2008, Allied Interstate has misrepresented that Ms. Noland owes a debt to a company entitled "Direct TV" that she does not owe.

### *Undisclosed Fees*

19. The FDCPA prohibits the collection of any amount (including any interest, fee, charge, and/or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. § 1692f.

20. Ms. Noland's agreement creating the debt at issue did not expressly state such an amount.

21. Allied Interstate attempted to collect an amount prohibited under 15 U.S.C. § 1692f.

### *Third Party Communication*

M11457_06_March_2009

22. The FDCPA prohibits the communication, in connection with the collection of any debt, with any person other than the consumer, 15 U.S.C. 1692(c)(6).

23. Since September 2008, Allied Interstate has called Ms. Jones at least two to three times every day concerning Ms. Noland's debt.

24. The FDCPA states that any debt collector communicating with any person other than the consumer, for the purpose of acquiring location information about said consumer, shall identify themselves, state that they are is confirming and/or correcting location information concerning the consumer, and, only if expressly requested, identify their employer, 15 U.S.C. § 1692b(1).

25. During each phone call since September 2008, Ms. Jones told Allied Interstate that Ms. Noland had not lived at her residence for at least the past 20 years.

26. Allied Interstate continued to call Ms. Jones at least two to three times per day.

27. The FDCPA prohibits any debt collector communicating with any person other than the consumer, for the purpose of acquiring location information about the consumer, from stating that such customer owes any debt, 15 U.S.C. 1692b(2).

28. During each phone call since September 2008, Allied Interstate has told Ms. Jones that the reason for the call was to collect money owed by Ms. Noland.

29. The FDCPA prohibits any debt collector communicating with any person other than the consumer, for the purpose of acquiring location information about the consumer, from communicating with any such person more than once unless requested to do so by such person, 15 U.S.C. 1692b(3).

30. Allied Interstate has called Ms. Jones at least two to three times per day since September 2008, after repeatedly being told not to do so by Ms. Noland.

31. Ms. Noland has been injured as a proximate result of Defendant Allied Interstate's conduct.

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demands judgment against Defendant(s), separately and/or severally, for:

(a) actual damages pursuant to 15 U.S.C. § 1692k;

(b) statutory damages pursuant to 15 U.S.C. §1692k;

(c) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

(d) punitive damages;

(e) such other and further relief as may be just and/or proper.

***Plaintiff Demands a Jury Struck and Sworn***

Done this 6th day of March, 2009.

Respectfully submitted,

Brandon L. Blankenship
BLA 116 (ASB - 6436 - N77B)
Blankenship Harrelson, L.L.C.
2001 Park Place North, Suite 825
Birmingham, AL 35203-2774
(205) 912-8241
Facsimile: (205) 912-8253
Email: brandon@bhwlegal.com

M11457