FILED
2009 Jul-15 AM 08:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY NOLAND, | } | |
| Plaintiff, | } } } | |
| vs. | } | 7:09-cv-0451 |
| ALLIED INTERSTATE, INC., | } } } | |
| Defendant. | } | |

## PLAINTIFF'S RESPONSE TO INTERROGATORIES

COMES NOW the Plaintiff (hereinafter "Respondent" or "Mrs. Noland") and responds to Interrogatories propounded by Allied Interstate, Inc. ("Allied"), **which are attached hereto and incorporated herein by reference**, as follows:

### GENERAL OBJECTIONS

A.  Plaintiff objects to each and every discovery request to the extent that the information /documents called for, if any, were obtained and prepared in anticipation of litigation or for trial and Defendant has made no showing that they have substantial need for the materials in the preparation of their case and that they are unable without undue hardship to obtain a substantial equivalent of the materials by some other means. Plaintiff further object to each and every discovery request to the extent that the information /documents called for, if any, are privileged and are not discoverable under F.R.Civ.P. 26(b)(3), and Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385 (1947).

B. Plaintiff objects to each and every discovery request to the extent that the information /documents called for, if any, are protected by the attorney-client privilege, or any other applicable privilege or protection.

C. Plaintiff objects to each and every discovery request to the extent that it seeks to vary the obligations imposed upon Plaintiff under *Federal Rules of Civil Procedure.*

D. Plaintiff objects to each and every discovery request to the extent that it seeks information /documents that are equally available to defendant and the burden on Defendant to obtain the requested information is no greater than the burden of Plaintiff.

E. Plaintiff objects to each and every discovery request to the extent it is unclear, confusing, overly broad, oppressive, unduly burdensome, expensive. and beyond the permissive scope of discovery under the *Federal Rules of Civil Procedure.*

F. Plaintiff objects to each and every discovery request to the extent that it seeks information /documents that contain confidential or commercial information.

G. Plaintiff objects to each and every discovery request to the extent that it seeks confidential and proprietary information /documents which are protected by a consumer confidentiality agreement and applicable laws and regulations respecting confidential information.

H. Plaintiff objects to each and every discovery request to the extent that it seeks an answer or documents involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or pre-trial conference has been conducted.

I. The supplying of any information does not constitute an admission by Plaintiff that such information /documents are relevant to the

issues in this lawsuit, or admissible at trial. All information/documents provided by Plaintiff are for use in this litigation only and for no other purpose.

## ANSWERS

In response to Interrogatories by Defendant #1-21: Plaintiff asserts each and every General Objection above. However, without waiving said objection answers:

1. Shirley Ann Jones Noland, Shirley Ann Jones, Shirley A. Jones, Shirley Jones, Shirley Ann Noland, Shirley A. Noland, Shirley Noland, Shirley Jones Noland, Shirley J. Noland; 08/24/1963; DL #6057933; 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.

2. September 2008 to undetermined month in 2009; Attempts to collect a debt on behalf of DirecTV in order to avoid further collection efforts and/or credit reporting; Plaintiff will supplement time frame once further records are in her custody and/or control.

3. Rosia Jones; 211 Earnest Friday Road, Eutaw, AL 35462-3315; Residential number (205)372-2807; Cellular Telephone Number (205)496-0491; lives alone.

4. Residential number (205)372-2807, Service Provider: AT&T; Cellular number (205)496-0491, Service Provider: AT&T Mobility.

5. From September 2008 to undetermined month in 2009, a representative or employee of Allied called Rosia Jones 2 to 3 times per day on her residential telephone line.

6. To the best of Ms. Jones and Mrs. Noland's knowledge, Ms. Jones has not mentioned, discussed, or communicated in any way

3

concerning the claims made in this lawsuit with anyone other than Mrs. Noland.

7. To the best of Mrs. Noland's knowledge, Allied has not communicated with any other individual besides Ms. Jones regarding the collection of the debt.

8. Rosia Jones; Robert Noland, Sr.; Robert Noland; R.N.; Dr. Phillip K. Bobo.

9. Ms. Jones at the above-listed address and phone number(s); Robert Noland, Sr., Robert Noland, and R.N. all share Mrs. Noland's address and residential phone number. The substance of the communication with all identified parties includes claims made in the case and the status of the lawsuit.

10. Plaintiff has not yet retained expert(s). Plaintiff will supplement this response once expert(s) have been retained.

11. Damages asserted in the Complaint, as amended.

12. (A) a. Plaintiff, Shirley Noland
7:96-cv-02999-ELN
U.S. District Court, Greene County, AL
Jurisdiction: Diversity
   b. Petition for Removal - Fraud
   c. Dismissed - Other

(B) a. Juror, Shirley Jones Noland
Case Style: Unknown; Date: December 10, 2007
Circuit Court, Greene County, AL
Jurisdiction: Unknown
   b. Nature of the Case: Unknown
   c. Resolution of the Case: Unknown

4

13. If any, Dr. Phillip K. Bobo.

14. General Practice, Urgent Care, Emergency Medicine; Emergi-Care Clinic, P.C., 32 15th Street, Tuscaloosa, AL 35401; 2006 to present; hypertension, high blood pressure.

15. Mrs. Noland has not sought treatment from a medical doctor, physician, psychiatrist, psychologist, counselor, practitioner of the healing arts, medical attendant, osteopath, chiropractor, nurse, technician, clinician, or other health or medical care provider for any symptoms characteristic of emotional distress or mental suffering during the past ten (10) years.

16. Accounts marked delinquent or accounts that have been sent to collections within the past year may be identified using Mrs. Noland's credit report(s). Recent delinquencies, to the best of Mrs. Noland's knowledge, include an account with Proactiv Solution, sent to SKO Brenner American, Inc. with a balance of $45.90, date unknown, and an account with DCH Regional Medical Center, not sent to collections with a balance of $18.00 as of 07/22/2008. Both debts have been resolved.

17. From September 2008 to an undetermined month in 2009, a representative or employee of Allied called Mrs. Noland at least three times per day on her residential telephone line.

18. To the best of Mrs. Noland's knowledge, Ms. Jones, Robert Noland, Sr., Robert Noland, and R.N. are the only individuals who could have possibly been present to witness the calls from Allied.

19. To the best of Mrs. Noland's knowledge, Allied is the only organization or collection agency that has contacted her regarding the underlying debt.

20. Residential number (205)372-6365, Service Provider: AT&T; Cellular telephone number (205)372-7936, Service Provider: AT&T Mobility.

21. For the past ten (10) years, Mrs. Noland has been employed by the Greene County Board of Education, 220 Main Street, Eutaw, AL 35462, as a Media Specialist under Isaac Atkins, superintendent. Mrs. Noland's gross income is $4,350 per month.

Done this _2nd_ day of _July_, 2009.

Respondent signature fixed under penalty of perjury.

_____
Respondent

As to objections:

Respectfully submitted,

*/s/ Brandon L. Blankenship*

_____
Brandon L. Blankenship
BLA 116 (ASB-6463-N77B)

M11457